# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50276

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2020

Lyle W. Cayce
Clerk

KATHERINE P.,

      Plaintiff - Appellant

v.

HUMANA HEALTH PLAN, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas

Before KING, COSTA, and HO, Circuit Judges.

JAMES C. HO, Circuit Judge:

Having persuaded us to reverse the district court's summary judgment ruling in favor of Humana, *see generally Katherine P. v. Humana Health Plan, Inc.*, 959 F.3d 206 (5th Cir. 2020), Katherine P. now seeks attorneys' fees under 29 U.S.C. § 1132(g)(1). That provision states that courts "in [their] discretion may allow a reasonable attorney's fee and costs" in ERISA suits.

But § 1132(g)(1) does not provide unfettered discretion to courts to award fees. "[A] fees claimant must show 'some degree of success on the merits.'" *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). The Supreme Court has held that a fee claimant whose only "victory" was "an interlocutory ruling [by

No. 19-50276

the Court of Appeals] that his complaint should not have been dismissed for failure to state a claim" has not received any relief on the merits. *Hewitt v. Helms*, 482 U.S. 755, 760 (1987). *See also Farrar v. Hobby*, 506 U.S. 103, 110 (1992) (observing that "Helms obtained no relief").

There is no principled difference between an appellate court's conclusion that a plaintiff has stated a claim and its conclusion that a district court should not have granted summary judgment. Both decisions simply allow a plaintiff to proceed with her claim. Neither alters the parties' legal relationship or requires that the defendant do something besides what it was already doing—litigating the case. So in neither case has the claimant achieved *any* success on the merits. Both are "purely procedural victories" and cannot support a fee claim. *Ruckelshaus*, 463 U.S. at 688 n.9. *Cf. Ariana M. v. Humana Health Plan of Tex., Inc.*, 792 F. App'x 287, 290 (5th Cir. 2019) ("Securing a change in the standard of judicial review of Humana's factual determinations is certainly a procedural success, but it's not success on the merits of Ariana's benefits claim.").[1]

We deny the motion. If Katherine P. achieves some success on the merits on remand, she may ask for these fees then.

---

[1] Kathrine P. does not cite any ERISA cases awarding fees for obtaining a reversal of summary judgment on appeal. And the cases she does cite are not analogous to this case—they involve either a remand to the plan administrator, *see, e.g., Gross v Sun Life Assurance Co. of Canada*, 763 F.3d 73, 79 (1st Cir. 2014), or a settlement that provided some payment of benefits, *see Koehler v. Aetna Health Inc.*, 915 F. Supp. 2d 789, 797 (N.D. Tex. 2013). We have no occasion to decide whether the cases she cites meet the standard for an award of fees under 29 U.S.C. § 1132(g)(1).