# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2025

Lyle W. Cayce
Clerk

———————

No. 25-10337

———————

Michael Cloud,

*Plaintiff—Appellee*,

*versus*

Bert Bell/Pete Rozelle NFL Player Retirement Plan,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-1277

———————————————————————

Before Clement, Graves, and Ho, *Circuit Judges*.
James C. Ho, *Circuit Judge*:

Numerous federal laws authorize the award of attorney's fees only to a "prevailing party." *See, e.g.*, 42 U.S.C. § 1988(b). Other federal laws, by contrast, allow fee awards so long as the court deems it "appropriate" or within its "discretion." *See, e.g.*, 42 U.S.C. § 7607(f) (Clean Air Act); 29 U.S.C. § 1132(g)(1) (ERISA).

Even in the latter setting, however, some degree of success is still required before a fee award may be granted. That's due to the "established principle" of American law that "a successful party need not pay its

unsuccessful adversary's fees." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983). *See also id.* at 690 (observing "the long-established rule that complete winners need not pay complete losers"). This rule governs absent "a clear showing" that Congress intended to abandon it. *Id.* at 685. And no such showing has been made here.

So success is required. The only question is the quantum of success obtained. Under prevailing party statutes, fees may be awarded only to "those who *prevail in full*," while in provisions like the one at issue here, fees are also available to those who "*prevail in part*." *Id.* at 689.

Accordingly, courts may award attorney's fees under 29 U.S.C. § 1132(g)(1) only if the party has attained "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010). It's not enough if the party merely achieves "trivial success on the merits" or a "purely procedural victory." *Id.* at 255 (cleaned up).

That's fatal to the fee award in this case. In the district court, former NFL running back Michael Cloud prevailed on his ERISA claims against the NFL's player benefit plan. But an earlier panel of this court reversed that favorable judgment in its entirety. So Cloud won nothing from his suit.

For his part, Cloud insists that he achieved "some degree of success on the merits" because the district court found—and the court of appeals essentially agreed—that although the Plan ultimately prevailed on other grounds, it was nevertheless wrong to deprive Cloud of various benefits.

But without any relief awarded to Cloud, mere factual findings, however favorable, are nothing more than a "purely procedural victory." And that's insufficient to justify a fee award. We accordingly reverse.

## I.

Cloud was a second-round pick in the 1999 NFL draft. He played for the Kansas City Chiefs, the New England Patriots, and the New York Giants. During the course of his professional football career, he suffered multiple concussions. So he sought disability benefits for his injuries from the Bert Bell/Pete Rozelle NFL Player Retirement Plan, a welfare benefit plan regulated by ERISA and jointly administered by representatives of NFL players and team owners.

The Plan awarded Cloud some benefits based on his injuries. But it concluded that he was ineligible for the highest tier of benefits.

Cloud eventually sued under ERISA, claiming that the Plan unlawfully denied him the highest category of benefits, and failed to provide a "full and fair" review.

The district court sided with Cloud and ordered the Plan to pay the benefits sought. It also awarded roughly $1.2 million in attorney's fees as well as $600,000 in conditional fees.

But on appeal, a panel of our court reversed Cloud's win and remanded to the district court to enter judgment in the Plan's favor. We explained that we were "compelled to hold that the district court erred in awarding top-level benefits to Cloud." *Cloud v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, 95 F.4th 964, 966 (5th Cir. 2024). Although "the NFL Plan's review board may well have denied Cloud a full and fair review," and Cloud "probably" was entitled to the highest level of benefits, we found he was "not entitled to reclassification to that top tier." *Id.* at 966–67 (emphasis omitted).

The problem was that Cloud didn't immediately appeal his benefits denial, even "though he could have, and indeed should have." *Id.* at 966

(emphasis omitted). So even if the Plan did deny Cloud a full and fair review, "no amount of additional review can change the fact that Cloud is ineligible for reclassification." *Id.* at 973 (cleaned up). Remanding to the Plan would thus have been a "useless formality." *Id.*

Despite our reversal, the district court on remand reaffirmed its initial fee award. The court characterized our decision as "narrow." It emphasized that Cloud "expose[d] the NFL Plan's disturbing lack of safeguards to ensure fair and meaningful review of disability claims" and "chronicl[ed] a lopsided system aggressively stacked against disabled players." It concluded that its "Findings of Fact constitute a declaration" that "vindicate[es] at least some of the relief [Cloud] sought." And it held that this was sufficient success to justify attorney's fees, because the "relief [was] neither procedural nor trivial" and "goes to the heart of [Cloud's] case."

## II.

We review an attorney's fee award for "abuse of discretion, reviewing factual findings for clear error and legal conclusions *de novo*." *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 846 (5th Cir. 2013). "A decision premised on an error of law constitutes an abuse of discretion." *In re Deepwater Horizon*, 785 F.3d 986, 999 (5th Cir. 2015).

## III.

Cloud won nothing from his ERISA suit. He nevertheless theorizes that he's still entitled to an award of attorney's fees because the district court issued certain fact findings that he was wrongly treated by the Plan.

But at most Cloud won a moral victory from his suit. And that is insufficient to justify an award of attorney's fees.

Consider the Supreme Court's decision in *Hewitt v. Helms*, 482 U.S. 755 (1987). Like Cloud, Helms received no relief from the defendants "[a]s

4

a consequence of the present lawsuit." *Id.* at 761. "The only 'relief' he received was the moral satisfaction of knowing that a federal court concluded that his rights had been violated." *Id.* at 762.

The Court denied fees. So we are duty-bound to reach the same result here.

To be sure, *Hewitt* involved a prevailing party statute—and not the discretionary language presented here under 29 U.S.C. § 1132(g)(1). But that difference does not affect our analysis.

The difference between what's required under a "prevailing party" statute and under discretionary statutes like the one presented here is not the existence of success, but the quantum of success. "By using the less stringent . . . standard instead of the traditional 'prevailing party' standard," Congress simply "expanded the class of parties eligible for fees awards from prevailing parties to *partially prevailing* parties—parties achieving *some success*, even if not major success.'" *Hardt*, 560 U.S. at 254 (cleaned up) (quoting *Ruckelshaus*, 463 U.S. at 688).

Expanding fees to "partially prevailing" parties was not "intended as a radical departure from established principles requiring that a fee claimant attain some success on the merits before it may receive an award of fees." *Ruckelshaus*, 463 U.S. at 693. Rather, it was simply to avoid the "difficult questions of what constitutes a 'central' issue, or 'essential' success," under prevailing party statutes. *Id.* at 689–90. "Congress meant merely to avoid the necessity for lengthy inquiries" on the party's degree of success. *Id.* at 688 n.9. *See also Hardt*, 560 U.S. at 255.

So we see no way to avoid the logic of *Hewitt*. Like Cloud, the plaintiff in *Hewitt* obtained the "moral satisfaction of knowing that a federal court concluded that his rights had been violated." 482 U.S. at 762. But he won "no damages award," "[n]o injunction or declaratory judgment." *Id.* at 760.

5

No. 25-10337

"Nor did [he] obtain relief without benefit of a formal judgment—for example, through a consent decree or settlement." *Id.* In sum, he "obtained no relief" of any kind. *Id.* As the Court pointedly concluded, "[t]hat is not the stuff of which legal victories are made." *Id.*

And if "moral satisfaction" without "relief" isn't enough to constitute success of any kind in *Hewitt*, we see no principled justification for finding it sufficient success here.

This result is further reinforced by our own precedents. We have declined to award attorney's fees under ERISA, for example, where the employee obtained a reversal of a district court's summary judgment motion in favor of the benefit plan. *See Katherine P. v. Humana Health Plan, Inc.*, 962 F.3d 841, 841 (5th Cir. 2020). We explained that a reversal of an adverse summary judgment ruling by itself does not change "the parties' legal relationship or require[] that the [plan] do something besides what it was already doing." *Id.* It was a meaningful procedural victory, to be sure. But "'purely procedural victories' . . . cannot support a fee claim" under *Hardt* and *Ruckelshaus*. *Id.* at 841–42.

The same logic applies here. Favorable factual findings may be a significant step toward a party achieving ultimate success on the merits of a claim. But the findings themselves are, at best, just one procedural step along the way.

\* \* \*

Cloud scored no legal relief in this case. He may have obtained various favorable factual findings. And he may rightfully boast of an important moral victory based on those findings. But a moral victory is not a merits victory. It may be a public relations win. But it's still a purely procedural one for purposes of determining attorney's fee awards. We therefore reverse.